PROBATE COURT OF THE TOWN OF EAST PROVIDENCE SUING FOR BENEFIT OF CHARLES Z. ALEXANDER, Adm'r *d.b.n.c.t.a.* ESTATE OF CHARLES H. WEESER *vs.* MARY J. WEESER.

AUGUST 2, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Flynn, C. J. This action at law was brought for the benefit of the administrator *d.b.n.c.t.a.* of the estate of Charles H. Weeser, late of the town of East Providence, deceased, hereinafter called the plaintiff, to recover on the bond of the defendant who had been removed as executrix for alleged unfaithful performance. In the superior court defendant did not appear on the return day of the writ and on her default a judgment was entered in the penal sum of the bond for $10,000. Thereafter hearings in chancerization of the bond were held before a justice of that court and decision was rendered for the defendant. The case is here on plaintiff's bill of exceptions to such decision and to rulings during that hearing.

It appears in evidence that Charles H. Weeser, hereinafter called the testator, died testate November 4, 1941; that his will was duly probated in the probate court of the town of East Providence; and that Mary J. Weeser, his widow and sole beneficiary under the will, was duly appointed and qualified as executrix thereof. At the time of the testator's death he operated the business of "Charlie's Diner" situated in Seekonk, Massachusetts. The diner was held and operated under a lease which, among other provisions, permitted the lessor to retake possession of the diner and its equipment upon the lessee's default in pay-

ment of rent as specified in the lease. At testator's death he was approximately $500 in arrears in rent under the lease.

The defendant as executrix duly approved and caused to be filed a sworn inventory in the estate in which the only assets were listed as follows:

[1]"Passenger Automobile . . . . . . . . .    100 00
Cash . . . . . . . . . . . . . . . . . . . . . . .    104 06
Equipment and Fixtures . . . . . . . .    7500 00
Lease hold interest in buildings . .    1000 00
Food and beverages in diner . . . .    1610 12
                                                        _____
                                                        10,314 18"

Thereafter the executrix filed in the probate court the following petition: "Your petitioner requests permission to sell the assets of said Estate for not less than inventory value for the purpose of preserving a license to operate said tavern or diner, to Mary J. Weeser as an individual. Your petitioner desires to operate the tavern for the forthcoming year and under the laws of Massachusetts it is necessary to transfer these assets to an individual in order to apply for a license."

This petition was granted by the probate court which at the same time ordered that an additional bond in the sum of $10,000 be filed by the executrix. Although she later filed this bond, she rendered no account to the estate for the receipt of the purported consideration of the alleged sale. Subsequently she operated the business for several months under adverse conditions of food and gas rationing. On the petition of a creditor, represented by the attorney who was subsequently appointed administrator, a decree was entered by the probate court removing defendant for alleged unfaithful performance and appointing plaintiff as administrator *d.b.n.c.t.a.* Apparently defendant was present and joined in that petition but it does not appear that there was any evidence taken or that she was represented by counsel at this hearing.

The plaintiff, having allegedly received none of the assets from the defendant, brought action on the bond of the executrix and following the entry of a *nil dicit* judgment thereon the instant hearings were held to chancerize the bond. At such hearings the executrix testified in substance and effect that the petition to sell was merely to obtain the benefit of the liquor license in conducting the business for the estate; that she followed the advice of Massachusetts and Rhode Island attorneys and "thought that was an accepted thing. All the papers were made out, various papers from different lawyers." She further testified that she had operated the business not as her own but for the benefit of the estate; that there was a reduction in the inventory values because they were made up from bills without examination of the actual supplies, whereas investigation disclosed certain spoilage of foods and shrinkage in other assets from accidental damage and other conditions outside her control. She testified that the lessor had repossessed himself of the diner under the default clause in the lease; that she had paid the current bills in connection with operating the business and also certain creditors of the estate, which she referred to, by using not only the business receipts but also by donating her own money to the extent of more than $1800; and that there was no loss to the estate from her administration.

The trial justice found in substance and effect that defendant knew little of the technical procedures and had acted upon the general advice of attorneys; that she personally had not been willful or dishonest in any of her transactions; and that she made no profit for herself but actually expended considerable money of her own in an effort to pay bills properly running against her husband's estate. From a consideration of all the evidence he found that plaintiff had not established any actual damages from her administration and therefore that he was not entitled to a favorable decision in this proceeding.

In support of his bill of exceptions plaintiff contends

that the trial justice erroneously permitted defendant to testify concerning the conditions under which the inventory was taken; that the decision in general was against the law and the evidence; that the evidence shows a sale was authorized to the defendant individually for not less than the total inventory value of $10,314.18 but that she never made such payment or accounted therefor to the estate. He further contends that any loss or reduction of the assets over the inventory values happened during the twelve to fourteen months after the testator's death while she operated the business for herself; and therefore that such loss or reduction should not be available as a defense in these proceedings, especially because no attempt was made by her to amend the inventory and because her testimony concerning such alleged payments to creditors of the estate is too general and is not supported by any receipts or records.

In our judgment the basic question here is whether the probate court of the town of East Providence in this state had jurisdiction to authorize a sale or otherwise to permit the operation by the executrix of the testator's business where the basic leasehold interest and all the physical property and license incidental thereto and inseparably connected with the business operations thereon were located exclusively in the commonwealth of Massachusetts. Regardless of the fact that no question therein was raised by any of the parties or creditors in the probate court or in the instant hearing on chancerization of defendant's bond, nevertheless the admitted facts, which also appear on the face of the record, place such leasehold interest entirely in Massachusetts. Therefore the basic leasehold interest and assets inseparable therefrom were not within the jurisdiction of the probate court of the town of East Providence.

Consequently that court's order purporting to authorize defendant as executrix to sell those assets to herself for any purpose and the accompanying order to file the bond, which

is the subject of the action and these proceedings, were null and void. On that view none of the apparent irregularities in the handling of this estate that are complained of by plaintiff become the controlling issue. For the same reason none of the losses, if any, subsequently alleged to have developed and to have reduced the value set forth in the inventory is decisive as the plaintiff maintains. On our view the ultimate decision is supportable on the basic ground of a lack of jurisdiction of the probate court to order the sale and bond here involved.

For the reasons set forth, all of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Charles Z. Alexander, Robert Brown,* for plaintiff.
*John G. Murphy,* for defendant.